## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-94 (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Carlos Vazquez, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Lisa M. Lopez, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the United States of America's ("Government") Motion for Discovery, ECF No. 9, and Defendant Carlos Vazquez's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 27; Motion for Disclosure of Informant, ECF No. 28; Motion for Disclosure of Rule 404 Evidence, ECF No. 29; Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 31; and Motion for Rule 16 Discovery Regarding Forensic Testing and Experts, ECF No. 32.

A hearing was held on October 17, 2023. ECF No. 38. Thomas Hollenhorst appeared on behalf of the Government and Lisa M. Lopez appeared on behalf of Defendant.

1

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery, ECF No. 9, and Defendant's Motion for Rule 16 Discovery Regarding Forensic Testing and Experts, ECF No. 32, are **GRANTED IN PART** and **DENIED IN PART**.

The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, Defendant had no objection to the Government's discovery requests. Tr. 4:2-9, ECF No. 45.[1]

The Government's motion proposed deadlines for the disclosure of any testimony the parties intend to use under Rules 702, 703, or 705 of the Federal Rules of Evidence at 21 days before trial for principal experts and 10 days before trial for rebuttal experts. ECF No. 9 at 2. Approximately three weeks later, the Court issued its standard arraignment order, setting the deadline for principal expert disclosures at 28 days before trial and 14 days before trial for rebuttal experts. ECF No. 17 at 2.

In his motion, Defendant requests immediate disclosure of reports of examinations and tests and any expert witnesses the Government intends to offer at trial. *See generally* ECF No. 32. Defendant also requests certain additional discovery related to laboratory/forensic testing.

At the hearing, the parties were in agreement with the deadlines set forth in the

---

[1] The transcript of the motions hearing has been temporarily sealed to allow for the process of redacting any personal identifiers. *See generally* D. Minn. LR 5.5; ECF No. 40. Defendant filed a notice of intent to request redaction and a subsequent statement of redaction regarding address information. *See generally* ECF Nos. 41, 44. The Court cites to the redacted version of the transcript. *See generally* ECF No. 45.

Court's arraignment order. Tr. 4:20-18; *see also* Gov't Resp. at 5, ECF No. 35. Further, the Government represented that it "will make a full disclosure of all the laboratory documentations," which was satisfactory to Defendant. Tr. 5:19-6:14.

Consistent with the Court's prior order, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 27, is **GRANTED IN PART** and **DENIED IN PART**. Defendant moves for an order compelling the Government to disclose evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government states that "it will continue to comply with its discovery obligations under *Brady* and *Giglio* and will disclose any evidence favorable to the defendant." Gov't Resp. at 1.

"[T]he Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see also* Fed. R. Crim. P. 5(f). "Under *Brady* and its progeny, prosecutors have a duty to disclose to the defense all material evidence favorable to the accused, including impeachment and exculpatory evidence." *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016); *accord United States v. Wright*, 866 F.3d 899, 908 (8th Cir. 2017); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to

3

exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see United States v. Primm*, 63 F.4th 1186, 1192 (8th Cir. 2023). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 932 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks discovery and

4

disclosures outside the Government's obligations or seeks materials that have already been produced, his motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

    3.    Defendant's Motion for Disclosure of Informant, ECF No. 28, is **DENIED**.

There is no dispute that there was a confidential reliable informant involved in this case. As discussed in the Report & Recommendation on Defendant's motion to suppress evidence issued contemporaneously with this Order, in or around June 2019, Agent Anthony Fletcher with the Minnesota Bureau of Criminal Apprehension ("BCA")[2] received information from a confidential informant who had provided reliable information in the past. Tr. 18:4-7, 13-18, 20:7-10, 39:15-25. The informant told Agent Fletcher that he[3] was "aware of a source of supply for narcotics, . . . likely in Mexico, that was coordinating drug shipments to the State of Minnesota." Tr. 18:8-12. The informant offered to "pass an undercover phone number to the source of supply," with "the ultimate goal being to receive a shipment of narcotics from this unknown person." Tr. 19:3-8; *see* Tr. 40:1-14. Agent Fletcher provided the informant with a phone number to be used by an undercover law enforcement officer posing as "Gary." Tr. 19:9-14, 25:22-25. The undercover phone number was solely for the purposes of this investigation. Tr. 24:6-8, 44:20-45:3. The goal was to have the informant tell the supplier that this phone number

---

[2] Agent Fletcher's exact title is not clear from the record. The parties have both characterized him as an "agent." *See, e.g.*, Def. Mem. in Supp. at 2-3, ECF No. 46; Gov't Post-Hearing Mem. in Opp'n at 2-12, No. 53; *cf.* Gov't Post-Hearing Mem. in Opp'n at 2 ("Special Agent"). *But see* Def. Mem. in Supp. at 1 ("DEA Task Force Officer"). Consistent with the parties, the Court also uses "Agent." In doing so, the Court intends no disrespect to Agent Fletcher if his full title as a law enforcement officer with the BCA differs from the shorthand employed here.
[3] As was done by the Government at the hearing and in post-hearing briefing, the Court refers to the informant using masculine pronouns regardless of the true gender of the informant. Tr. 18:22-24; Gov't Post-Hearing Mem. in Opp'n at 2 n.1.

"belonged to a trusted drug customer who was willing to receive large shipments of narcotics," specifically methamphetamine and "[l]arger quantities in excess of 30, 40, 50 pounds." Tr. 19:15-20:6. Agent Fletcher was in fact serving undercover as "Gary." Tr. 20:25-21:4, 25:22-26:5. On cross examination, Agent Fletcher testified that he did not receive a name or description of the source of supply. Tr. 40:9-25. At some point prior to June 15, the informant told Agent Fletcher that he "would likely be receiving some type of contact, either [a] phone call or text message." Tr. 21:18-21.

As detailed in the Report & Recommendation, on June 15, Agent Fletcher was contacted on the undercover phone number by a man who identified himself as "Charlie." *See generally* Section II.B.1 of the Report & Recommendation. Among other things and as described more fully in the Report & Recommendation, Charlie told "Gary" that Chico[4] had told him (Charlie) to call Gary and he was on his way from California to bring Gary "the stuff." After additional conversations between Agent Fletcher and Charlie, who was subsequently identified as Defendant, Charlie's vehicle was identified and Charlie was ultimately pulled over by Trooper Anthony Mains with the Minnesota State Patrol. Approximately 17 kilograms, or about 40 pounds, of methamphetamine was recovered from a search of the vehicle.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether

---

[4] It is a bit unclear if the supplier goes by Chico or Chito.

the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001); *see United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973) ("Certainly one of the most relevant factors to be weighed by the court is whether or not the evidence is *material* to the accused's defense or a fair determination of the case." (footnote omitted)).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (emphasis added) (footnote omitted); *see also Barnes*, 486 F.2d at 778-79. "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial).

Defendant bears the burden of showing beyond mere speculation that disclosure of the informant will be material and helpful to his case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739. He must make "some evidentiary showing" demonstrating disclosure would aid his defense. *United States v. Chevre*, 146 F.3d 622, 624 (8th Cir. 1998). "If a trial court orders disclosure absent a

showing of materiality, it abuses its discretion." *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018).

Defendant moves for disclosure of the informant working with Agent Fletcher as well as the existence of any other informants utilized by the Government. Defendant asserts that "the informant initiated the shipment giving rise to the instant case" and helped facilitate the transaction by passing along the undercover phone number and the type and quantity of narcotics "Gary" wanted and then later following up with Agent Fletcher to let him know he should expect some type of contact. Def. Mem. in Supp. at 1, ECF No. 47. Defendant asserts that "the informant's role in this case was far more than a source of information (i.e. far more than just a mere 'tipster'), [he] was an agent for the [G]overnment organizing and coordinating the drug shipment at issue." Def. Mem. in Supp. at 2. According to Defendant, the informant is relevant to a defense of entrapment. Defendant describes the informant as an "essential witness" who is material to the determination of this case. Def. Mem. in Supp. at 4.

The Government objects to disclosure. The Government contends that Defendant has been charged "solely upon the observations and seizures of the police" and therefore "any purported informants should be regarded as tipsters." Gov't Resp. at 3. The Government further contends that Defendant "has failed to allege any facts" as to how the informant might substantiate a defense of entrapment. Gov't Post-Hearing Mem. in Opp'n at 25. The Government points out that Defendant "does not claim to have ever met a person who fits the bill for the informant" and states that it "has absolutely no evidence to suggest that the informant has ever met [Defendant], has any information

8

about his identity, or had any knowledge of his activities (other than what he may have gleaned about him from the Mexican source)." Gov't Post-Hearing Mem. in Opp'n at 25-26. The Government further contends that, "[e]ven if it could be said that the informant was a witness to the charged offenses, there is no evidence that the informant participated in them other than to provide the Mexican source with information concerning a 'trusted drug customer.'" Gov't Post-Hearing Mem. in Opp'n at 26. Lastly, the Government states that it does not intend to call the informant at trial.

Defendant's motion is denied. Defendant has merely speculated that disclosure of the informant would be "relevant to a presentation of an entrapment defense." *Chevre*, 146 F.3d at 624. "[S]uch speculation is insufficient to require disclosure." *Id.*; *see Harrington*, 951 F.2d at 877; *see also United States v. Grisham*, 748 F.2d 460, 463-64 (8th Cir. 1984). Moreover, based on the record before the Court, the informant was not an active participant or witness to the charged conduct. The informant communicated "Gary's" order and contact information to the Mexican source and then later told Agent Fletcher that he could expect to be contacted. There is nothing to suggest that the informant helped plan the meeting between "Charlie" and "Gary," was present on June 15, or was somehow further involved. Additionally, courts have denied disclosure in cases where an informant "acted not as an integral participant, but rather as a mere conduit, or 'middleman,'" making introductions and arranging meetings. *United States v. Zebulon*, No. 87-5623, 846 F.2d 75, 1988 WL 41056, at *2 (4th Cir. 1988) (per curiam); *see United States v. Giry*, 818 F.2d 120, 130 (1st Cir. 1987) ("The district court correctly concluded that [the informant] served as 'more of a conduit than a principal to the

9

enterprise.'  His role was not of a kind that readily triggers the government's duty to disclose.").  "[W]hile perhaps more than a mere tipster," the informant here more closely resembled a conduit between law enforcement and the Mexican source, rather than an active participant or witness to the charged conduct.  *Zebulon*, 1988 WL 41056, at *2; *cf. Carpenter*, 257 F.3d at 779.  *Contra Roviaro*, 353 U.S. at 62-65; *Devose*, 53 F.3d at 205-07; *Barnes*, 486 F.2d at 777.

4. Defendant's Motion for Disclosure of Rule 404 Evidence, ECF No. 29, is **GRANTED**.[5]  Defendant seeks the disclosure of evidence the Government intends to introduce at trial under Rule 404(b) of the Federal Rules of Evidence, and requests that such disclosure be made no later than 28 days before trial.  In its initial response, the Government stated that it "will fully comply with the notice requirements of Rule 404(b) of the Federal Rules of Evidence," and proposed disclosure no later than 21 days before trial.  Gov't Resp. at 5.  At the hearing, the Government stated that it did "not anticipate any 404(b) evidence at this stage" and agreed to Defendant's request of 28 days.  Tr. 8:22-10:3.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at

---

[5] While Defendant's motion also references evidence under Federal Rule of Evidence 608(b), Defendant clarified at the hearing that he was "fine with just the Rule 404 evidence."  Tr. 8:5-16.

10

trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Rule 404(b) does not, however, require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971).

Further, "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than 28 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid.

11

404(b)(3)(C).

5. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 31, is **GRANTED**. Defendant moves

> for an Order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation, whether or not the contents of such rough notes are incorporated in official records.

ECF No. 31 at 1. Defendant also requests the preservation of "evidence seized in the course of their investigation." ECF No. 31 at 1. The Government states that it "has instructed its officers and agents to retain their rough notes and evidence gathered in connection with the investigation until final disposition of the charges against [Defendant]." Gov't Resp. at 5.

Defendant's request for the retention and preservation of all rough notes and evidence is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter.

6. All prior consistent orders remain in full force and effect.

[Continued on next page.]

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: January  10 , 2024

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Vazquez*
Case No. 21-cr-94 (PAM/TNL)