UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                         Crim. No. 21-94 (PAM/TNL)

                          Plaintiff,

v.                                                                **MEMORANDUM AND ORDER**

Carlos Vazquez,

                          Defendant.
_____

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung dated January 10, 2024. (Docket No. 54.) In the R&R, Magistrate Judge Leung recommends denying Defendant Carlos Vazquez's Motion to Suppress. Defendant filed timely objections to the R&R (Docket No. 56), to which the Government filed a response. (Docket No. 57.) But Defendant's objections are not the "specific written objections" that the Rules contemplate. D. Minn. L.R. 72.2(b).

A party's "objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." Johnson v. Homeownership Pres. Found., No. 09–CV–600 (JRT/JSM), 2010 WL1050333, at *2 (D. Minn. Mar. 18, 2010). Here, Defendant's objections merely state that, "[i]n order to preserve the record, [Defendant] objects to the Report and Recommendation and the Pretrial Order," citing to his previously submitted memoranda on two issues: disclosure of the informant and suppression of evidence. (Docket No. 56.) These objections, which do not specify any portion of the R&R or pretrial order to which Vazquez objects nor provide any legal argument in support of his position that the Court

should reject the R&R and overrule the pretrial order, are "inadequate." United States v. Walker, No. 11cr381 (SRN/JJG), 2014 WL 36635, at *1 (D. Minn. Jan. 3, 2014). As such, the Court overrules those objections. Id.

A de novo review of the Magistrate Judge's conclusions that suppression of the evidence or disclosure of the informant's identity are not warranted leads to the same result.

First, as the R&R noted, Vazquez offered only speculation that the informant's identity could be relevant to an entrapment defense. "[S]uch speculation is insufficient to require disclosure." United States v. Chevre, 146 F.3d 622, 624 (8th Cir. 1998). A defendant claiming entrapment is required to introduce evidence of entrapment before the Government will be compelled to disclose the informant's identity. Id. (citing United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985) (per curiam).) Vazquez introduced no such evidence and the Magistrate Judge's denial of his motion to disclose the informant's identity was therefore correct.

Vazquez's motion to suppress challenged the traffic stop that lead to the discovery of 40 pounds of methamphetamine in the trunk of the car Vazquez was driving. He argued to the Magistrate Judge that the stop was unreasonable under the totality of the circumstances, and that the state trooper conducting the stop unconstitutionally expanded it. (Docket No. 33 at 1-2.)

The R&R thoroughly cataloged the totality of the circumstances surrounding the stop of Vazquez's vehicle: the informant's tip, the undercover operation, Vazquez's obvious participation in the drug deal the undercover officer set up, to name only a few of the incriminating circumstances within the trooper's knowledge. As the R&R determined,

there was probable cause to stop and search the vehicle, no matter whether the stated reason for the stop—Vazquez's failure to use his headlights in inclement weather—was legitimate. The totality of the circumstances thus fully supported the traffic stop at issue.

The R&R also correctly concluded that because probable cause for the stop existed, there was no need to reach the issue whether the trooper unconstitutionally extended the stop. "Probable cause for the stop and search of [a] vehicle may be based on the collective knowledge of all law enforcement officers involved in the investigation and need not be based solely upon information within knowledge of the officer(s) on the scene if there is some degree of communication." United States v. Rowe, 878 F.3d 623, 628 (8th Cir. 2017). As the R&R found, the trooper and the undercover agent were working as a team in the stop of Vazquez's vehicle, so the agent's knowledge was imputed to the trooper. The stop was therefore supported by probable cause. As in Rowe, "[t]he stop was not unconstitutionally expanded given that the entire basis for the stop was the drug interdiction, despite the trooper's alternate reasoning offered." Id. at 629.

The R&R correctly concluded that the stop and search of the vehicle did not run afoul of the Fourth Amendment, and that the disclosure of the informant's identity was not warranted. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Court **ADOPTS** the R&R (Docket No. 54);

2. The pretrial Order (Docket No. 55) is **AFFIRMED**; and

3. Defendant Carlos Vazquez's Motion to Suppress (Docket No. 33) is **DENIED**.

Dated:   February 29, 2024

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge